UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL BERGER,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON; MAGGIE MILLER-STOUT, Superintendent of Airway Heights Corrections Center; RICHARD MORGAN, Superintendent of Washington State Penitentiary in Walla Walla, Washington; RONALD FLECK, M.D.; JOHN DOE KENNEDY, M.D.; DEBORAH CLINTON; JOHN FLETCHER, Physician Assistant; VERA SALTETH, Physician Assistant; JOHN DOE FITZPATRICK, Physician Assistant,<br><br>    Defendants. | No. CV-04-5075-CI<br><br>REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT DISMISSAL |

    BEFORE THE COURT on Report and Recommendation is Defendants' Motion for Summary Judgment dismissal, submitted for hearing without oral argument on September 22, 2005. (Ct. Rec. 17.) Plaintiff is represented by attorney Charles Stuart Hamilton, III; Assistant Attorney General Holly A. Vance represents Defendants. The parties have not consented to proceed before a magistrate judge. After a

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 1

review of the pleadings and the record, **IT IS RECOMMENDED** the court **GRANT** Defendants' Motion for Summary Judgment Dismissal of all claims.

**COMPLAINT**

Plaintiff, currently an inmate at the Stafford Creek Corrections Center, alleges he was injured as a result of inadequate medical treatment he received while incarcerated at the Washington State Penitentiary (WSP) and Airway Heights Corrections Center (AHCC). Plaintiff alleges claims under 42 U.S.C. § 1983, violation of the Eighth Amendment, specifically reckless indifference to a serious medical condition, and pendent state claims alleging negligence.

Plaintiff contends he began having difficulty walking due to circulation problems in his leg in June 2001 while housed at WSP. He attempted to grieve concerns related to his leg and was informed he was expected to live with the problem. An angiogram performed at a local hospital in June 2001 revealed substantial circulatory blockage in parts of his leg. Plaintiff alleges he was not informed of the results of that test until August 2001. An angioplasty was recommended, but since it could not be performed in Walla Walla, Plaintiff alleged it was not done. Additionally, Plaintiff alleged he was improperly treated for gout by Physician Assistant Fletcher, treatment which added to the complications of his circulation problem.

Plaintiff further alleges he was transferred to AHCC in September 2001. He further contends an angioplasty was performed in Spokane but did not cure the problem. A 90-day medication regimen also did not improve the circulation. As a result, Plaintiff's left

leg below the knee was amputated in May 2002. Plaintiff seeks compensatory and punitive damages, costs and attorney fees.

Defendants move for summary judgment dismissal of all claims noting Plaintiff had a long medical history of gout and poor circulation in his feet and legs that required extensive treatment while he was housed at WSP and AHCC. Defendants further allege treatment included three angioplasty/stent surgical procedures and a surgical procedure by a podiatrist to treat an infected sore on Plaintiff's left foot. Notwithstanding the treatment, poor circulation caused by peripheral vascular disease prevented healing of the sore on his left foot and amputation was necessary to save Plaintiff's life.

## SUMMARY JUDGMENT

FED. R. CIV. P. 56(c) states a party is entitled to summary judgment in its favor, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Once the moving party has carried the burden under Rule 56, the party opposing the motion must do more than simply show there is "some metaphysical doubt" as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). The party opposing the motion must present facts in evidentiary form and cannot merely rest on the pleadings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Affidavits, depositions, answers to interrogatories and admissions are sufficient to raise a material question of fact. *Celotex*, 477 U.S. at 324. Genuine issues are not

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 3

raised by mere conclusory or speculative allegations. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). The court will examine the direct and circumstantial proof offered by the nonmoving party and the permissible inferences which may be drawn from such evidence. A party cannot defeat a summary judgment motion by drawing strength from the weakness of the other party's argument or by showing "that it will discredit the moving party's evidence at trial and proceed in the hope that something can be developed at trial in the way of evidence to support its claim." *T.W. Electric Service Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987); *see also, Triton Energy Corp v. Square D. Company*, 68 F.3d 1216 (9th Cir. 1995).

## 42 U.S.C. § 1983

To demonstrate a claim under 42 U.S.C. § 1983, Plaintiff must allege and prove (1) the violation of a right secured by the Constitution and laws of the United States, and (2) the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To hold a defendant liable for damages, the wrongdoer must personally cause the violation. *Leer*, 844 F.2d at 633. There is no respondeat superior liability. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Thus, a supervisor is liable under § 1983 only if he/she

"participated in or directed the violation, or knew of the violation and failed to prevent it." *Id*. If damages are sought, sweeping conclusory allegations against a prison official will not suffice; an inmate must set forth specific facts as to each individual defendant's participation. *Leer*, 844 F.2d at 634.

## EIGHTH AMENDMENT MEDICAL INDIFFERENCE

Defendants move to dismiss the Eighth Amendment claims, contending Plaintiff has failed to raise a material question of fact. The Eighth Amendment proscribes cruel and unusual punishment. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002). First, there must be a demonstration the prison official deprived the prisoner of the "minimal civilized measure of life's necessities." *Id.* (citation omitted); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials have a duty to ensure inmates are provided adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). A violation of the Eighth Amendment occurs when prison officials are deliberately indifferent to a prisoner's medical needs. *McGuckin*, 974 F.2d at 1059.

Second, a prisoner must also demonstrate the subjective component, that the prison official "acted with deliberate indifference." *Farmer*, at 832. A prison official acts with "deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1187 (9th Cir.

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 5

2002), *cert. denied*, 537 U.S. 1106 (2003).  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." *Farmer*, at 837.  "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson*, 290 F.3d at 1188 (citation omitted).  This "subjective approach" focuses only "on what a defendant's mental attitude actually was." *Farmer,* 511 U.S. at 839.

    Defendants proffer the following facts in support of their Motion the Eighth Amendment claim should be dismissed:  Plaintiff has been in the custody of the Department of Corrections for a substantial number of years.  He has a long-standing history of medical problems, including peripheral vascular disease which was treated on an ongoing basis by medical personnel at WSP and AHCC as well as private specialists, including a podiatrist, vascular surgeons, consulting radiologists, rheumatologist, orthopedist, and plastic surgeon.  (Ct. Rec. 20, Kennedy Decl. at 3-4.) From June 2001, through May 7, 2002, the day of amputation, Plaintiff was examined and/or treated on no less than 30 occasions.

    On September 18, 2001, Plaintiff was transferred from WSP to AHCC to facilitate angioplasty to increase circulation by vascular surgeons in Spokane.  While housed at AHCC, Dr. Criswell Kennedy treated Plaintiff on numerous occasions for gout and peripheral vascular disease, complicated by smoking cigarettes.  (Ct. Rec. 20, Kennedy Decl. at 2.)  Although advised to stop smoking because of the adverse effects on his health condition, Plaintiff refused to do so.   (Ct. Rec. 20, Kennedy Decl. at 2.)   Angioplasties were

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 6

performed on October 5, 2001, November 21, 2001, and February 8, 2002. (Ct. Rec. 20, Kennedy Decl. at 4.) Dr. Kennedy further avers all medical care provided to Plaintiff was within the standard of care for medical professionals practicing in Spokane, Washington, and the State of Washington. (Ct. Rec. 20, Kennedy Decl. at 5.) Amputation of the left leg below the knee was performed on May 7, 2002, with Plaintiff's consent as a result of the peripheral vascular disease that prevented an infected sore from healing. It is undisputed the amputation was medically necessary. (Ct. Rec. 24, ¶ 1.)

Plaintiff concedes there is no evidentiary basis to support a federal claim under § 1983 (Ct. Rec. 25, at 3, line 3) and the court agrees there is no medical evidence, based on the record now before the court, to raise a material question of fact Defendants were recklessly indifferent to Plaintiff's serious medical needs under the Eighth Amendment standards. Thus, **IT IS RECOMMENDED** Plaintiff's Eighth Amendment claims be **DISMISSED WITH PREJUDICE.**

**PENDENT JURISDICTION OF STATE CLAIMS**

The court has discretion to exercise pendent jurisdiction of state law claims after dismissing federal claims. 28 U.S.C. § 1367(c)(3); *Warren v. Fox Family Worldwide, Inc*., 328 F.3d 1136, 1143 n. 7 (9th Cir. 2003). The amputation occurred on May 7, 2002; under state law, there is a three year statute of limitations for asserting negligence claims. R.C.W. 4.16.080. Were Plaintiff to pursue negligence claims in state court after today's date, he would be barred by the Statute of Limitations. Thus, it is appropriate for this court to exercise pendent jurisdiction and rule on Defendants' Motion for Summary Judgment dismissal.

In his Declaration, counsel for Plaintiff asks this court to delay ruling on the Motion for Summary Judgment as to the pendent state claims because counsel has not been able to communicate with his client and, thus, has not been able to secure the services of an expert medical witness. (Ct. Rec. 25.) In light of the fact discovery was provided to Plaintiff's counsel on January 20, 2005, and Defendants' counsel agreed on two occasions to extend the date for disclosure of expert witnesses from January 28, 2005, to April 1, 2005, the court concludes Plaintiff has had sufficient time to review discovery, discuss it with his client, and secure the services of a medical expert. Moreover, Plaintiff has not moved formally for an extension of time to identify his expert witnesses. In the absence of proof from a medical expert, there is no evidence which raises a material question of fact that Plaintiff could establish a claim of medical negligence.

A defendant may move for summary judgment on the ground a plaintiff lacks competent medical evidence to make out a prima facie case of medical malpractice. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). To establish a prima facie case of medical negligence, a plaintiff must prove the health care provider failed to exercise that degree of care, skill, and learning expected of a reasonably prudent health care provider at the time in the profession or class to which he belongs, in the state of Washington, acting in the same or similar circumstances, and the failure was a proximate cause of the injury complained of. R.C.W. 7.70.040(1) and (2). Generally, expert medical testimony is necessary to establish the standard of care and most aspects of causation. *Reese v. Stroh*, 128 Wn.2d 300, 308, 907 P.2d 282 (1995).

However, expert testimony sufficient to prevent summary judgment can be set forth in a declaration by one who is competent to testify in the matters, has personal knowledge of the facts, and presents triable issues of fact. *See, e.g.*, Civil Rule 56(f); *Colwell v. Holy Family Hosp.*, 104 Wn. App. 606, 15 P.3d 210 (2001). Notwithstanding, no such expert testimony has been provided to the court, despite nine months available for preparation of such evidence. Accordingly, **IT IS RECOMMENDED** Plaintiff's state claims be **DISMISSED WITH PREJUDICE**.

The District Court Executive is directed to file this Order and provide a copy to Plaintiff and counsel for Defendants.

**OBJECTIONS**

Any party may object to a magistrate judge's proposed findings, recommendations or report within ten (10) days following service with a copy thereof. Such party shall file written objections with the Clerk of the Court and serve objections on all parties, specifically identifying any the portions to which objection is being made, and the basis therefor. Any response to the objection shall be filed within ten (10) days after receipt of the objection. Attention is directed to FED. R. CIV. P. 6(e), which adds another three (3) days from the date of mailing if service is by mail.

A district judge will make a de novo determination of those portions to which objection is made and may accept, reject, or modify the magistrate judge's determination. The judge need not conduct a new hearing or hear arguments and may consider the magistrate judge's record and make an independent determination thereon. The judge may, but is not required to, accept or consider additional evidence, or may recommit the matter to the magistrate

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 9

judge with instructions. *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000); 28 U.S.C. § 636(b)(1)(B) and (C), FED. R. CIV. P. 73; LMR 4, Local Rules for the Eastern District of Washington.

A magistrate judge's recommendation cannot be appealed to a court of appeals; only the district judge's order or judgment can be appealed.

The District Court Executive is directed to file this Report and Recommendation and provide copies to counsel for Plaintiff and Defendants and the referring district judge.

DATED October 25, 2005.

                        S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE

REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT DISMISSAL - 10